IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROY R. ENGLISH,
    Plaintiff,

vs.                                        Case No. 5:08cv310/SPM/EMT

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D), and 72.3 of this court relating to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. § 401, *et seq*. It is now before the court pursuant to 42 U.S.C. § 405(g) of the Act for review of a final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Act, 42 U.S.C. §§ 401–34, and for Supplemental Security Income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381–83.

Upon review of the record before this court, it is the opinion of the undersigned that the decision is supported by substantial evidence and the result of the application of proper legal standards; the court therefore recommends that the decision of the Commissioner be affirmed.

I.    PROCEDURAL HISTORY

Plaintiff's DIB and SSI applications alleging disability beginning October 1, 2003, were denied initially (Tr. 27–30, 226–29) and on reconsideration (Tr. 32–34, 232–35). Upon Plaintiff's request for further review, an administrative law judge ("ALJ") conducted a hearing on June 8,

2007, at which Plaintiff was represented by counsel and testified; a vocational expert ("VE") also testified. On October 2, 2007, the ALJ rendered a decision in which he found that Plaintiff was not under a "disability" as defined in the Act (Tr. 16–23). The Appeals Council of the Social Security Administration denied Plaintiff's request for review on August 7, 2008 (Tr. 4–7). The decision of the ALJ thus stands as the final decision of the Commissioner, subject to judicial review in this court. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007); Falge v. Apfel, 150 F.3d 1320 (11th Cir. 1998). This appeal followed.

II.     FINDINGS OF THE ALJ

In his October 2, 2007, decision the ALJ made the following findings (Tr. 16–23):

1)  Plaintiff met the disability insured status requirements of the Act through March 31, 2006.[1]

2)  Plaintiff has not engaged in substantial gainful activity since October 1, 2003, his alleged disability onset date (20 C.F.R. §§ 404.1520(b), 404.1571, *et seq.*, 416.920(b) and 416.971, *et seq.*).

3)  Plaintiff has the severe impairment of a history of chronic obstructive pulmonary disease ("COPD") (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

4)  Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5)  Plaintiff has the residual functional capacity ("RFC") to perform light work, except that he must avoid exposure to concentrated amounts of atmospheric pollutants. Plaintiff is limited to working in a temperature-controlled work setting. Additionally, based upon his limited education, Plaintiff has a reduced capacity for reading and writing and should be confined to the performance of unskilled types of work.

6)  Plaintiff is unable to perform any of his past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

---

[1] Thus the time frame relevant to Plaintiff's claim for DIB is October 1, 2003 (his alleged onset date) to March 31, 2006 (his date last insured).

7) Plaintiff was born July 9, 1966, and thus on his alleged disability onset date he was thirty-seven (37) years of age, which is defined as a younger individual (20 C.F.R. §§ 404.1563 and 416.963). His age at the time of the decision was forty-one years.

8) Plaintiff has a limited education and is able to communicate in English (20 C.F.R. §§ 404.1564 and 416.964).

9) Transferability of job skills is not material to the determination of disability because the Medical-Vocational Rules, used as a framework for decision making, support a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills (*See* Social Security Ruling ("SSR") 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10) Given Plaintiff's age, education, work experience and credible RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform (20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966).

11) Plaintiff has not been under a disability, as defined in the Act, from October 1, 2003, through the date of the decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).[2]

III. STANDARD OF REVIEW

Review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence from the record and was a result of the application of proper legal standards. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991) ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied."); *see also* Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles." Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991). As long as proper legal standards were applied, the Commissioner's decision will not be disturbed if in light of the record as a whole the decision appears to be supported by

---

[2] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI, but separate, parallel statutes and regulations exist for DIB and SSI claims (*see* 20 C.F.R. §§ 404 and 416). Therefore, hereafter, citations in this Report and Recommendation should be considered to refer to the appropriate parallel provision. The same applies to citations of statutes or regulations found in quoted court decisions.

substantial evidence. 42 U.S.C. § 405(g); Falge, 150 F.3d at 1322; Lewis, 125 F.3d at 1439; Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995). Substantial evidence is more than a scintilla, but not a preponderance; it is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)); Lewis, 125 F.3d at 1439. The court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). Even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if supported by substantial evidence. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986).

The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id*. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)–(g), the Commissioner analyzes a disability claim in five steps:

1. If the claimant is performing substantial gainful activity, he is not disabled.

2. If the claimant is not performing substantial gainful activity, his impairments must be severe before he can be found disabled.

3. If the claimant is not performing substantial gainful activity and he has severe impairments that have lasted or are expected to last for a continuous period of at least twelve months, and if his impairments meet or medically equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claimant is presumed disabled without further inquiry.

4. If the claimant's impairments do not prevent him from doing his past relevant work, he is not disabled.

5.     Even if the claimant's impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The claimant bears the burden of establishing a severe impairment that keeps him from performing his past work. 20 C.F.R. § 404.1512. If the claimant establishes such an impairment, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, the claimant must then prove he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

IV.    DISCUSSION

The ALJ's findings regarding Plaintiff's physical impairments, including COPD and hypertension, are well-supported by the medical evidence (*see*, *e.g.*, Tr. 126, 131, 133, 134, 137, 147, 174, 177, 179, 193, 195, 197, 204, 208–218, 220). Indeed, Plaintiff does not challenge the ALJ's assessment of his physical impairments.[3] Rather, Plaintiff submits that the Commissioner's decision should be reversed because the ALJ failed to fully develop the record by obtaining intelligence testing in order to determine Plaintiff's level of intellectual functioning. In support of this argument, Plaintiff submits he testified at the administrative hearing that he is unable to read; when asked by the ALJ why he could not read Plaintiff responded that he been assigned to special education classes while in school (Doc. 13 at 3; *see also* Tr. 67, 247). Plaintiff also testified that he could not perform indoors-type work because he cannot read (Doc. 13 at 3; *see also* Tr. 264). Plaintiff contends that although the ALJ found that he has a "reduced capacity for reading and writing," based on his limited education, this finding is mere speculation. According to Plaintiff, in light of the fact that he required special education classes—and did not simply receive a limited education—the ALJ should have ordered intelligence testing to assess whether he has a disabling

---

[3] In his brief to the Appeals Council Plaintiff raised numerous issues (Tr. 237–39). In this appeal, however, Plaintiff has abandoned all but one issue, asserting only that the ALJ failed to develop the record adequately with respect to his intellectual abilities. He raises no objection to the ALJ's findings regarding his physical impairments, which findings in any event the court concludes are adequately supported by the record. The court therefore need not, and does not, recite the medical evidence pertaining to Plaintiff's physical condition.

Case No. 5:08cv310/SPM/EMT

medically determinable mental impairment (*id.*). The Commissioner responds that Plaintiff has come forward with no evidence that he suffers from limited intellectual functioning, other than his hearing testimony that he attended special education classes when he was a child. Because the record before the ALJ was adequately developed, the Commissioners argues, the ALJ was not required to order intelligence testing in order to make an informed disability determination. According to the Commissioner, the ALJ properly evaluated the evidence of record and his determination that Plaintiff is not disabled is supported by substantial evidence; his decision denying benefits should therefore be affirmed.

It is well established in the Eleventh Circuit that an ALJ has an affirmative duty to develop a full and fair record. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003); Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995); Lucas v. Sullivan, 918 F.2d 1567, 1573 (11th Cir. 1990). The duty to develop the record exists even if, as in this case, the plaintiff is represented by an attorney. Brown, 44 F.3d at 934 (citation omitted). In light of the ALJ's obligation to develop the record, he must order a consultative examination when "such an evaluation is necessary for him to make an informed decision." Holladay v. Bowen, 848 F.2d 1206, 1209 (11th Cir. 1988) (quoting Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984)); *see also* Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999). Nonetheless, it remains the plaintiff's burden prove that he is disabled and he is responsible for producing evidence in support of his claim. *See* Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a), (c)). Furthermore, case law in this circuit requires the plaintiff to show some prejudice before a remand to the Commissioner for further development is ordered. *See* Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997). In considering whether a remand is required, the court should be guided by whether there are evidentiary gaps in the record that result in unfairness or clear prejudice. *Id.*

In this case, the court is satisfied that the ALJ did not err in failing to develop the record by ordering intelligence testing for Plaintiff. At the administrative hearing held June 8, 2007, other than his own brief statements that he could not read and had attended special education classes, Plaintiff made no reference to any mental impairment nor did his counsel attempt to elicit any such testimony (Tr. 247, 264). Indeed, counsel made no inquiry regarding Plaintiff's level of intellectual functioning or otherwise raised the issue before the ALJ. Counsel advised the ALJ at the

commencement of the hearing that Plaintiff had recently undergone additional medical tests for which records were not yet available (Tr. 246). The ALJ authorized Plaintiff to submit the records within ten (10) days or seek an enlargement of time in which to do so (*id.*; Tr. 274). No mention was made by counsel of any need for intelligence tests. Moreover, Plaintiff points to nothing in the medical record from Plaintiff's physicians, nor has the court locating anything, which references any mental impairment whatsoever or suggests that Plaintiff should undergo any sort of mental assessment. Additionally, in response to a question apparently asked by a case development worker in July 2004, Plaintiff himself indicated that he had been "in special education classes while in school. At this time he stated that his restrictions are physical and that he does not need to see a psychologist or any other mental health professional." (Tr. 105). The court did not find any record that Plaintiff has ever alleged disability based on a mental impairment. Also, while Disability Reports contained in the administrative file reflect Plaintiff's statements that he had been enrolled in "general slow learning" classes at Vernon High School (Tr. 67, 76), when the Division of Disability Determinations requested information regarding Plaintiff from the High School through the Washington County School Board it was informed that it did not have "any records on this person" (Tr. 114–15). Further, as the Commissioner points out, Plaintiff worked for more than fifteen years with the same level of intellectual functioning he now submits could be disabling (Tr. 59, 71, 78). When an individual has worked with an impairment, absent significant deterioration, it cannot be considered disabling. *See* Van Vickle v. Astrue, 539 F.3d 825, 830 (8th Cir. 2008) (stating that "[t]hus, despite suffering from what she calls 'extreme fatigue,' Van Vickle continued working for over four years."); Goff v. Barnhart, 421 F.3d 785, 793 (8th Cir. 2005) (stating that "[h]ere, the ALJ found Goff's speech impediment was not as limiting as alleged because Goff effectively worked as a nurse's aide with her speech impediment and there is no indication that her ability to speak has deteriorated since her stroke in 1997."). In this case there is no evidence that Plaintiff suffers from a mental impairment that is disabling to any extent or that such an impairment, if it existed, deteriorated or worsened at any time through March 31, 2006, his date last insured.

In summary, the court concludes that Plaintiff has failed to meet his burden of proving disability. He has not produced evidence sufficient to raise a question about his intellectual

functioning, much less sufficient to support a claim of disability based on that impairment, alone or in combination with his COPD.[4]  *See* Ellison, 355 F.3d at 1276.  Nor has Plaintiff shown, based on any lack of intelligence testing, that the record contains evidentiary gaps that have resulted in unfairness to him or clear prejudice.  Graham, 129 F.3d at 1423.

V. CONCLUSION

For the foregoing reasons, the court concludes that the Commissioner's decision is supported by substantial evidence and should not be disturbed.  42 U.S.C. § 405(g); Lewis, 125 F. 3d at 1439; Foote, 67 F.3d at 1560.  Furthermore, Plaintiff has failed to show that the ALJ applied improper legal standards, erred in making his findings, or that any other ground for reversal exists.

Accordingly, it is respectfully **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**, that this action be **DISMISSED,** and that the clerk be directed to close the file.

At Pensacola, Florida this 30th day of October 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[4] Plaintiff additionally argues that it was error for the ALJ to fail to order an intelligence test because it might show that, in combination with his COPD, Plaintiff met the requirements of Listing 12.05C, Mental Retardation. This Listing provides for disability on the basis of "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Plaintiff's argument regarding his intellectual functioning is based on speculation and, again, is not supported by any record evidence.